Daniel G. Shay (State Bar No. 250548)
DanShay@SDBKN.com
**LAW OFFICES OF DANIEL G. SHAY**
409 Camino Del Rio South, Suite 101B
San Diego, CA  92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

Attorney for Plaintiff Lance Tacquard

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE TACQUARD,<br><br>        Plaintiff,<br><br>vs.<br><br>SARMA COLLECTIONS, INC,<br>a Texas Corporation,<br><br>        Defendant. | CASE NO. **'13CV1141 DMS BLM**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.  VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT,<br>47 U.S.C. 227, ET SEQ.<br>2.  VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT,<br>15 U.S.C. 1692 ET. SEQ;<br>3.  VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT,<br>CAL. CIV. CODE 1788 ET. SEQ.<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.  Lance Tacquard ("Plaintiff") brings this action for damages and any other available legal or equitable remedies, resulting from the illegal actions of Defendant Sarma Collections Inc., ("Defendant") and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or related entities, in negligently, and/or willfully violating numerous debt collection laws. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.*

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b)(c) and § 1441(a) because Defendant is deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this District are sufficient to subject them to personal jurisdiction. Venue is also proper in this District under 28 U.S.C. § 1391(b) because Defendant transacts business here and because Plaintiff has resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to Plaintiff's causes of action against Defendant occurred within this judicial district.

## PARTIES

5. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California, County of San Diego, in this judicial district. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10). Plaintiff is also a "consumer" as the term is defined by 15 U.S.C. § 1692a(3)

6. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation registered in Texas with their principal place of business located in Texas, making the Defendant a citizen of Texas for diversity purposes. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district. The Defendant is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153 (32). Defendant operates as a collection agency and is a "debt collector" as the term is defined by 15 U.S.C. §1692a(6) and attempts to collect debts by making calls to cellular phones.

///

2

**Complaint for Damages**

## FACTUAL ALLEGATIONS

7. Plaintiff incurred a financial obligation to USAA Federal Savings Bank ("USAA") beginning around 2007.

8. The debt arose from a personal credit card provided by USAA to Plaintiff which was primarily used for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by USAA to collect the debt.

10. Defendant attempted to collect the debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

11. Defendant called Plaintiff on his cellular telephone ending 0618 at least 37 (thirty-seven) times beginning no later than December 8, 2011 through December 28, 2012.

12. Defendant called Plaintiff twice on December 13, 2012 and two more times that same week.

13. Defendant called Plaintiff at 7:54 AM on November 29, 2012 and at 10:48 PM on December 21, 2012.

14. The phone numbers Defendant used ended in 4531 and 4515 and the representatives were named Vicki, Brandy and Chris at extensions 7262, 7263 and 7264.

15. On August 27, 2010 Plaintiff sent USAA two Cease and Desist Letters concerning calls associated with the debt.

16. Any consent for Defendant or USAA to call Plaintiff was withdrawn by Plaintiff's Cease and Desist Letter associated with the underlying debt.

17. Defendant, or their agents, have called Plaintiff on his cellular telephone via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) or by using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A). This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

///

///

3

**Complaint for Damages**

18. The telephone number Defendants and/or their agents called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

19. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

20. These telephone calls by Defendants and/or their agents violated 47 U.S.C. § 227(b)(1). Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff provided express consent within the meaning of the statute.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

21. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

22. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

23. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[2] 47 U.S.C. § 227(b)(1)(A)(iii).
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

4

**Complaint for Damages**

24. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4] The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

27. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

28. Plaintiff is also entitled to an award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

29. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein.

///

///

---

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

**Complaint for Damages**

30. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

31. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

32. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

33. Plaintiff is also entitled to an award of attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, ET SEQ.**

34. Plaintiff incorporates by reference the above paragraphs of this complaint.

35. Defendant communicated with Plaintiff in connection with collection of a debt at an unusual time when Defendant called Plaintiff before 8:00 AM on November 29th, 2012 and after 9:00 PM on December 21, 2012 in violation of 15 U.S.C. § 1692c.

36. Defendant engaged in behavior the natural consequences of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

37. Defendant caused Plaintiff's cell phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of U.S.C. § 1692d(5).

38. Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

40. Plaintiff is entitled to damages as a result of Defendant's violations.

41. Plaintiff is also entitled to an award of attorneys' fees and costs.

///
///
///

### FOURTH CAUSE OF ACTION
### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE § 1788, ET SEQ.

42. Plaintiff incorporates by reference the above paragraphs of this complaint.

43. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. prohibits unfair and deceptive acts and practices in the collection of consumer debts.

44. Defendant, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

45. Defendant caused Plaintiff's cellular telephone to ring repeatedly with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

46. Defendant failed to comply with provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.17

47. Plaintiff is entitled to damages as a result of Defendant's violations.

48. Plaintiff is also entitled to an award of attorneys' fees and costs.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

### FIRST CAUSE OF ACTION
### FOR NEGLIGENT VIOLATIONS OF
### THE TCPA, 47 U.S.C. § 227 ET SEQ.

49. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 (five-hundred dollars) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

50. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

51. An award of attorneys' fees and costs to counsel for Plaintiff.

52. Any other relief the Court may deem just and proper.

///

///

///

Complaint for Damages

**SECOND CAUSE OF ACTION**
**FOR KNOWING AND/OR WILLFUL VIOLATIONS**
**OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.***

53. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks treble damages, as provided by statute, up to $1,500.00 (one-thousand-five-hundred dollars) for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

54. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

55. An award of attorneys' fees and costs to counsel for Plaintiff.

56. Any other relief the Court may deem just and proper.

**THIRD CAUSE OF ACTION**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, ET SEQ.**

57. As a result of Defendant's violations of 15 U.S.C. § 1692, et seq., Plaintiff seeks actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

58. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

59. Cost of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3).

60. Any other relief the Court may deem just and proper.

**FOURTH CAUSE OF ACTION**
**VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
**CAL. CIV. CODE § 1788, ET SEQ.**

74. As a result of Defendant's violations of Cal. Civ. Code § 1788, et seq., Plaintiff seeks actual damages pursuant to Cal. Civ. Code § 1788.30(a).

75. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b).

76. An award of attorneys' fees and costs to counsel for Plaintiff.

77. Any other relief the Court may deem just and proper.

*///*
*///*
*///*
*///*
*///*

**Complaint for Damages**

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

Date: May 14, 2013             LAW OFFICES OF DANIEL G. SHAY

By: /s/ Daniel G. Shay
Daniel G. Shay
DanShay@SDBKN.com
409 Camino Del Rio South, Suite 101B
San Diego, CA  92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

**Complaint for Damages**